# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:08CV-133-H

**RAY STALLWORTH**                                                                                        **PLAINTIFF**

**v.**

**OFFICER JOHNATHAN VAUGHN** *et al.*                                   **DEFENDANTS**

## MEMORANDUM OPINION

Unrepresented by counsel Plaintiff, Ray Stallworth, filed this action against Louis Lawson, Jailer of the Hardin County Detention Center; the Hardin County Detention Center; Kentucky State Trooper Jonathan Vaughn; the Kentucky State Police; and the Hardin County Detention Center Medical Staff. Defendants are sued in their individual and official capacities. Plaintiff is seeking only monetary damages.

Plaintiff is proceeding *in forma pauperis*. For that reason, this action is before the Court for *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss all of Plaintiff's claims except his Fourteenth Amendment individual capacity claims against Jailer Lawson and the Hardin County Detention Center Medical Staff for their alleged failure to timely treat Plaintiff's broken thumb.

### I. SUMMARY OF COMPLAINT

On or about March 1, 2007, Plaintiff and his son were driving north on Dixie Highway in Plaintiff's girlfriend's car when they experienced a flat tire. Plaintiff pulled over on the side of the road to change the tire. While Plaintiff was working on the tire, two officers "claiming to be U.S. Mint" pulled up beside Plaintiff. They asked to see Plaintiff's driver's license and

registration. Plaintiff responded that he did not know where his girlfriend kept her papers. According to Plaintiff, "then they just went into my pockets, pulled out a small bag of weed, searched the car, and handcuffed me." At that time, Plaintiff told the officers that he had broken his thumb while changing the tire and needed medical attention. The "U.S. Mint" officers called the Kentucky State Police. When Kentucky State Police Officer Jonathan Vaughn arrived, Plaintiff told him that his thumb was broken and that he needed to see a doctor. Instead of taking Plaintiff to the hospital, Officer Vaughn transported him to the Hardin County Detention Center. Officer Vaughn told Plaintiff that his thumb would be examined there.

Plaintiff states that upon entering the Detention Center he told Jailer Lawson about his thumb. Plaintiff alleges that his requests for medical care for his thumb were ignored. Plaintiff states that for two weeks he repeatedly complained to Detention Center Officials about his thumb and asked to be provided with medical treatment to no avail. Finally, Detention Center Officials took an x-ray of Plaintiff's thumb and gave him some Tylenol. He was then taken to the hospital. Upon examining Plaintiff's thumb, the doctor told him that there was "nothing he could do because the jail took too long to bring [Plaintiff] to the hospital." As a result, the doctor told Plaintiff that without extensive therapy his thumb "would be like a piece of wood" on his hand.

As a result of these events, Plaintiff alleges that his constitutional rights were violated by: "the U.S. Mint going into my pockets; . . . [the] state police not taking me to a hospital instead of jail; [and the] Hardin County Detention Center [] by not getting me to the hospital in time to save my thumb."

Plaintiff also complains that when he was released from custody, the Hardin County

Detention Center kept $175.00 and said it was for Plaintiff being incarcerated in the jail. Plaintiff also complains that "Judge Shumake took my $500.00 bond." He also states that the "U.S. Mint police searched my 13 year old son's backpack as if he were criminal."

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

The Sixth Circuit has held that constitutional violations by state officials are not cognizable directly under the constitution (or by virtue of general federal question jurisdiction) because 42 U.S.C. § 1983 provides the exclusive remedy for such constitutional violations. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989). Section 1983 has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

**A.     The Hardin County Detention Center**

The Hardin County Detention Center is not a "person" subject to suit under § 1983 as municipal departments, such as jails, are not amendable to suit under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued

under § 1983). Therefore, Plaintiff's claims against the Hardin County Detention Center will be dismissed for failure to state a claim.

**B.        Kentucky State Police and Official Capacity Claims Against Officer Vaughn**

A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). When a plaintiff sues a state official in his official capacity, his suit is treated as if filed against the state. Additionally, the Eleventh Amendment[1] acts as a bar to all claims for relief against the Kentucky State Police. A state and its agencies, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (l978). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (l979)).

For these reasons, Plaintiff's claims against the Kentucky State Police and his official capacity claims against Officer Vaughn must be dismissed. *See Banks v. Ky. State Police*, 57 F. App'x 242, 243 (6th Cir. 2003) ("To the extent that Banks reasserts claims against the Kentucky State Police and the named state police troopers in their official capacities, his claims for monetary damages are barred.") (citing *Will*, 491 U.S. at 68).

---

[1] The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

### C. Official Capacity Claims Against Jailer Lawson and the Hardin County Medical Staff

"Official capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent … [An] official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Accordingly, these claims are treated as claims against Hardin County. *Smallwood v. Jefferson County Gov't*, 753 F.Supp. 657 (W.D. Ky. 1991) (county government is a "person" subject to liability under Section 1983). The governing body can be held liable only where (1) the allegedly unconstitutional act is a result of an unconstitutional policy officially adopted by the governing body's officers, *Johnson v. Hardin County*, 908 F.2d 1280, 1285 (6th Cir. 1990) (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690-91 (1978)), or where (2) the local governing body has delegated to the jailer the responsibility of establishing policies to assure that prisoners receive proper care and the unconstitutional act has become the custom in the jail, tolerated by the jailer, *Johnson*, 908 F.2d at 1285 (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1249-50 (6th Cir. 1989)).

In short, in a § 1983 action, to establish the liability of a local governmental entity, a plaintiff must establish that the governmental entity "itself is a 'moving force' behind the deprivation [of a federal right]; thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *See Ritchie v. Wickstrom*, 938 F.2d 689, 691-92 (6th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. at 165-66).

Plaintiff's official capacity claims against these Defendants are two-fold: 1) Jailer Lawson and the Hardin County Detention Center Medical Staff violated Plaintiff's rights by failing to timely provide Plaintiff with medical treatment for his broken thumb; and 2) Jailer

Lawson violated Plaintiff's rights by retaining a fee for Plaintiff's incarceration.

As for Plaintiff's first claim, he has failed to allege the existence of a governmental policy or custom relative to the nature of his medical claim, and nothing in the record demonstrates that the alleged injuries to Plaintiff resulted from application of a municipal policy or custom. As such, the Court will dismiss this claim for failure to state a claim.

As for Plaintiff's second claim, the collection of fees no doubt was the result of a governmental policy. The Sixth Circuit has held, however, that the practice of charging prisoners *per diem* fees and fees for medical care does not offend the Constitution. *White v. Corr. Med. Servs.*, 94 F. App'x 262, 264 (6th Cir. 2004) ; *see also Sickles v. Campbell County*, 501 F.3d 726, 730 (6th Cir. 2007). As such, this claim will be dismissed as well.

**D.     Individual Capacity Claims Against Officer Vaughn, Jailer Lawson, and the Hardin County Detention Center Medical Staff**

"The Supreme Court has held that when the victim of mistreatment . . . is a pretrial detainee, his entitlement to recovering damages is rooted in the Due Process Clause of the Fourteenth Amendment." *Phillips v. Roane County*, 534 F.3d 531, 545 (6th Cir. 2008) (citing *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983)). "[D]eliberate indifference" to the serious medical needs of pretrial detainees normally constitutes a substantive due process violation. *Estate of Owensby v. City of Cincinnati*, 414 F.3d 596, 602 (6th Cir. 2005). To establish a cause of action under § 1983 for deliberate indifference to a pretrial detainee's health, Plaintiff must show both (1) "that [he was] incarcerated under conditions posing a substantial risk of serious harm,; and (2) that an individual defendant knew of and

disregarded a substantial risk of serious harm to his health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). With respect to the second requirement, defendants "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

### 1. Officer Vaughn

Plaintiff reported his thumb injury to Officer Vaughn after the Officer arrived on the scene. Officer Vaughn responded that he would alert officials at the Hardin County Detention Center about Plaintiff's injury and that his thumb would be examined there. Plaintiff argues that Officer Vaugn violated his constitutional rights by not taking him to the hospital to have his thumb examined before handing him over to the Hardin County authorities. While a broken thumb is no doubt painful and requires some medical attention, it is not life-threatening. Nothing about Plaintiff's injury should have suggested to Officer Vaughn that Plaintiff required immediate treatment. Officer Vaughn transported Plaintiff to the Hardin County Detention Center, which has a medical staff. Officer Vaughn informed Plaintiff that he would be examined at the Detention Center. It was reasonable for Officer Vaughn to elect this course of action. Under the circumstances as alleged by Plaintiff, Officer Vaughn's actions cannot be described as deliberately indifferent. Accordingly, Plaintiff's individual capacity claims against Officer Vaughn must be dismissed.

### 2. Individual Capacity Claims Against Jailer Lawson and the Hardin County Detention Center Medical Staff

The same cannot necessarily be said for Jailer Lawson and the Hardin County Detention Center Medical Staff. Plaintiff states that he repeatedly informed these Defendants that his thumb was injured and that he needed medical attention. According to Plaintiff, his requests for medical treatment were wholly ignored until it was too late for doctors to properly repair his thumb. On review, the Court will allow Plaintiff's individual capacity claims against Jailer Lawson and the Hardin County Detention Center Medical Staff to proceed based on their failure to provide Plaintiff with timely medical care for his thumb. In permitting these claims to proceed, the Court passes no judgment on the ultimate outcome of the action.

The Court also observes that Plaintiff's claims against the Hardin County Detention Center Medical Staff are essentially "John and Jane Doe" claims. This means that Plaintiff has not identified these individuals with enough specificity to allow the Clerk's Office to direct service on them. Plaintiff must identify these defendants by name before service can be effectuated on them. Plaintiff may obtain the names of the individuals involved in providing him medical care by use of the discovery process. For example, he could ask Defendant Lawson the names of the individuals that provided Plaintiff care by serving interrogatories under Federal Rule of Civil Procedure 33. Plaintiff could also try to identify these individuals from examining the discovery documents the Court will order Defendant Lawson to produce to Plaintiff in its Scheduling Order.

The Court directs Plaintiff's attention to Federal Rule of Civil Procedure 4. In relevant

part, it provides:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Because Plaintiff is proceeding *in forma pauperis*, the Court will count the 120 days from the date of this Order. Accordingly, Plaintiff has 120 days from the date of this Order within which to move to amend his complaint to name specific Defendants or show good cause for his failure to do so. Plaintiff is put on notice that his failure to meet the requirements of the federal rules could result in dismissal of this action as to the John and Jane Doe Medical Staff Defendants.

**E.     U.S. Mint Officers and Judge Shumake**

In the body of his complaint, Plaintiff avers that the U.S. Mint Officers violated his and his son's Fourth Amendment rights by conducting illegal searches of their persons. Plaintiff has not sued the U.S. Mint or any of its officers in this action. Additionally, Plaintiff's son is not a party to this suit.[2] Likewise, Plaintiff did not name Judge Shumake as a defendant in this action. As such, the Court will not address any of Plaintiff's allegations against these Defendants. If Plaintiff wishes to pursue such claims, he should move to join these individuals as Defendants or file a separate action against them.

---

[2]Should Plaintiff elect to pursue such claims in the future, the Court notes that parents are not permitted to represent the interests of their minor children *pro se*. *See Jones v. Child Protective Servs.*, No. 3:08CV-73, 2008 U.S. Dist. LEXIS 48534 (W.D. Ky. June 23, 2008).

The Court will enter a separate Scheduling Order governing the development of the remaining claims and will enter a separate Order dismissing all other claims.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Hardin County Attorney

4412.008