# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:08CV-133-H

**RAY STALLWORTH**                                                                                                     **PLAINTIFF**

**v.**

**OFFICER JOHNATHAN VAUGHN** *et al.*                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

      Unrepresented by counsel, Plaintiff, Ray Stallworth, filed this action against Louis Lawson, Jailer of the Hardin County Detention Center; the Hardin County Detention Center; Kentucky State Trooper Jonathan Vaughn; the Kentucky State Police; and the Hardin County Detention Center Medical Staff. On initial review of the complaint, the Court allowed Plaintiff's Fourteenth Amendment individual capacity claims against Jailer Lawson and the Hardin County Detention Center Medical Staff for their alleged failure to timely treat Plaintiff's broken thumb to proceed for further development. The Court further observed that Plaintiff's claims against the Hardin County Detention Center Medical Staff were essentially "John and Jane Doe" claims. Plaintiff was instructed that this meant that he not identified these individuals with enough specificity to allow the Clerk's Office to direct service on them. The Court instructed Plaintiff that he must identify these defendants by name before service can be effectuated on them.

      Plaintiff has now filed a motion to amend his complaint. Plaintiff's motion states that he wants the Court to issue an order "for Louis Lawson medical staff (Hardin Co.) to compensate me for neglect and violating my civil rights." Attached to the motion are two documents, a one-page medical report and another page that contains a column of names and addresses. The Court is uncertain what relief Plaintiff desires. If Plaintiff is seeking to amend his complaint to include

all of the individuals on the list, he must to provide the Court with a proposed amended complaint. Furthermore, in order to assert a cognizable §1983 claim, a plaintiff must allege specific facts. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The required facts must provide adequate detail to support the claim, such as specific incidents of deprivation of a plaintiff's rights, how each defendant was involved, the names of other persons involved, dates, and places. The specific facts must also explain how the plaintiff himself was personally injured by the challenged conduct or condition, *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and how each defendant is responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Allegations premised upon mere conclusions and opinions fail to state an adequate claim, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and bare and conclusory allegations that a defendant personally deprived the plaintiff of constitutional or statutory rights are insufficient to state a cognizable claim. *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983). A complaint filed under § 1983 must also show a causal connection between the named defendants and the alleged constitutional deprivation. A § 1983 complaint must allege that specific conduct by the defendants was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986). To establish causation, a plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Deaton v. Montgomery County*, 989 F.2d 885, 889 (6th Cir. 1993).

Because Plaintiff has neither clearly indicated that he desires to add the list of attached individuals as defendants in his action nor provided the Court with an amended complaint alleging how each Defendant is liable, his motion to amend (DN 14) is **DENIED**. Plaintiff may

2

refile his motion at anytime. However, if he desires to amend his complaint to add specific defendants he must include a copy of the proposed amended complaint. Plaintiff is also instructed that he must provide a summons for any defendant he wishes to add. To assist Plaintiff, the Clerk of Court is **DIRECTED** to affix this case number on a § 1983 form complaint, type "amended complaint" on it, and mail it to Plaintiff. The Clerk of Court is also **DIRECTED** to mail Plaintiff six blank summonses.

Date:

cc:     Plaintiff, *pro se*
        Counsel of record
4412.008